[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 09-12956 and 09-13928
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 01-00011-CV-1-SPM-WCS

JOSE ELIAS SEPULVEDA,

Plaintiff-Appellant,

versus

RALPH W. BURNSIDE,
SHERIFF STEPHEN M. OELRICH,
ALAN R. MORROW,
FLOYD GIPSON,
DETENTION OFFICER ALLEN, et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(May 25, 2010)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Elias Sepulveda, proceeding *pro se*, appeals the district court's order denying his motion to alter or amend the judgment or for a new trial on the issue of compensatory damages following a jury verdict in his favor in a 42 U.S.C. § 1983 civil rights action.

In 2001, Sepulveda filed an amended complaint against six defendants, including Floyd Gipson and James Elliot, correctional officers at the Alachua County Correctional Center ("ACCC"). Sepulveda's complaint raised claims under 42 U.S.C. §§ 1983, 1985, 1986, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), as well as claims arising under Florida law. The district court granted summary judgment to defendants with respect to all of Sepulveda's claims, with the exception of his retaliation claim against Defendant Elliot. After a trial, a jury returned a verdict in favor of Elliot on the retaliation claim.

Sepulveda then appealed the district court's order granting summary judgment on his other claims. We affirmed the grant of summary judgment in regard to most of Sepulveda's claims, but reversed with respect to Sepulveda's Eighth Amendment and First Amendment retaliation claims against Defendant Gipson. *See Sepulveda v. Burnside*, 11th Cir. 2006, __ F.3d __ (No. 04-10241,

Mar. 13, 2006). Sepulveda's claims against Gipson were based upon an incident where Sepulveda was attacked by another inmate, Donald Small, after Gipson let Sepulveda and Small out of their cells in the special management pod at the same time, without any restraints, in violation of the ACCC's policies. On remand, Sepulveda's claims against Gipson were tried before a jury, which found Gipson liable for violating Sepulveda's constitutional rights. The jury awarded Sepulveda only $1 in compensatory damages, but $99,999 in punitive damages. Sepulveda filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment to increase the award of compensatory damages, and an alternative Federal Rule of Civil Procedure 59(a) motion for a new trial on only the issue of compensatory damages. He also filed a Federal Rule of Civil Procedure 60(b) motion requesting relief from a final judgment due to fraud. The district court denied Sepulveda's post-verdict motions, and Sepulveda now appeals that order.

On appeal, Sepulveda asserts that defense counsel and Dr. M. Cintron, a physician at the facility where Sepulveda is incarcerated, committed fraud in defense counsel's motion to strike Dr. Cintron from Sepulveda's witness list. Specifically, Sepulveda contends that Dr. Cintron was not truthful when he stated that Sepulveda's medical chart did not include any information attributing Sepulveda's hearing loss to the attack committed by Small. Sepulveda also argues

3

that Dr. Javier Mauiz, a psychologist, committed misrepresentation and other misconduct in order to have his subpoena quashed.  Sepulveda asserts that his inability to present testimony from Dr. Cintron and Dr. Mauiz precluded him from presenting evidence regarding his injuries to the jury.  Therefore, he asserts that the district court should have either increased the compensatory damages award, or granted a new trial with respect to compensatory damages.

We review a district court's denial of Rule 59(a), Rule 59(e), and Rule 60(b)(3) motions for an abuse of discretion.  *Bianchi v. Roadway Express, Inc.*, 441 F.3d 1278, 1282 (11th Cir. 2006) (per curiam); *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009) (citation omitted); *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007).

To prevail on a Rule 60(b)(3) motion requesting relief from a final judgment due to fraud, "the movant must prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Cox*, 478 F.3d at 1314 (quotation and alteration ommitted).  The moving party must also demonstrate that the adverse party's conduct prevented him "from fully and fairly presenting his case." *Id.* (citation omitted).  To prevail on a Rule 59(e) motion, a party must identify "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.

4

2007) (per curiam) (quotation omitted). A Rule 59(e) motion may not be used to relitigate matters that have already been decided. *Id.* (citation omitted).

The Supreme Court has held that the Seventh Amendment prohibits a federal court from granting additur and increasing a jury's award of damages. *Dimick v. Schiedt*, 293 U.S. 474, 486–87, 55 S. Ct. 296, 301 (1935). The district court could not have increased the jury's award without ordering a new trial because such a procedure would have violated the Seventh Amendment. *See Dimick*, 293 U.S. at 486–87, 55 S. Ct. at 301. Therefore, the district court properly denied Sepulveda's request to alter or amend the judgment under Rule 59(e), or for relief from the judgment under Rule 60(b)(3).

Rule 59(a) provides that a federal court may order a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). We have recognized that an insufficient award of damages is a valid basis for ordering a new trial. *See Mekdeci v. Merrell Nat'l Labs., Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1513 (11th Cir. 1983) ("Traditionally, an inadequate award of damages may constitute a sufficient reason to set aside a jury verdict."). As a general matter, where a jury has found both liability and damages, a district court may limit a new trial to the issue of damages. *See, e.g., Overseas Private Inv. Corp. v. Metro. Dade*

5

*County*, 47 F.3d 1111, 1116 (11th Cir. 1995) (affirming jury's findings concerning liability, but remanding for a retrial on the issue of damages).

Under the facts of this particular case, Sepulveda failed to make a sufficient showing of fraud or other improper conduct to support his request for a new trial. Sepulveda asserts that Defendant Gipson committed fraud or misrepresentation in conjunction with Dr. Cintron in order to avoid testifying at trial. The evidence presented by Sepulveda to support this is Dr. Cintron's affidavit that states Sepulveda's chart did not include any information explaining the cause of Sepulveda's hearing loss. Sepulveda points to the November 1, 2000 diagnosis of Dr. Ranzenberger to demonstrate that there actually was information explaining the cause of Sepulveda's hearing loss. However, Dr. Ranzenberger indicated that Sepulveda himself reported that his hearing loss began after the incident where he was attacked by Small. Dr. Ranzenberger stated that a more complete audiometric study would be necessary to understand Sepulveda's condition. Sepulveda has not shown that Dr. Cintron's failure to mention this document was a deliberate stratagem to avoid testifying at trial, rather than the result of mere inadvertence.

Sepulveda also contends that Dr. Mauiz, a Department of Justice employee, committed misrepresentation and other misconduct in order to have his subpoena quashed. In order to obtain testimony or production of documents from a

6

Department of Justice employee, a party must follow the regulations set forth in 28 C.F.R. § 16.21 *et seq.* If the party is seeking oral testimony, he must provide the responsible United States Attorney with "an affidavit, or . . . a statement . . . setting forth a summary of the testimony sought and its relevance to the proceeding." 28 C.F.R. § 16.22(c). The United States Attorney must then follow certain procedures in determining how to respond to the party's request. *See* 28 C.F.R. § 16.24.

Sepulveda has failed to demonstrate that the Assisted United States Attorney ("AUSA") made misrepresentations in his motion to quash Dr. Mauiz's subpoena. The motion to quash explained that Sepulveda failed to comply with the procedures for subpoenaing a Department of Justice employee, as set out in 28 C.F.R. § 16.21, *et seq.* To support his argument that he did comply with the applicable regulations, Sepulveda provided an affidavit and a list of questions that he mailed to Dr. Mauiz in September 2006. Nevertheless, Sepulveda did not show that he furnished these documents to the responsible United States Attorney, as required by 28 C.F.R. § 16.22(c). Moreover, Sepulveda mailed these documents to Dr. Mauiz in 2006, but did not subpoena Dr. Mauiz until 2009. Given the significant lapse of time between the mailing of the affidavit and the serving of the subpoena, it is unclear whether these documents would have satisfied § 16.22(c) even if they had been mailed to the AUSA. In any event, Sepulveda has not

established that the AUSA intended to mislead the court when he stated that Sepulveda had not complied with the regulations. Because Sepulveda failed to make a sufficient showing of fraud or other improper conduct, the district court did not abuse its discretion by denying his motion for a new trial.

The district court could not have increased the jury's award without ordering a new trial because such a procedure would have violated the Seventh Amendment. Therefore, the district court properly denied Sepulveda's request to alter or amend the judgment. In addition, Sepulveda failed to make a sufficient showing of fraud or other improper conduct to support his request for a new trial. Accordingly, we affirm the district court's denial of Sepulveda's post-judgment motion.

**AFFIRMED.**